W. H. FIELDS et al., Appellants, v. JOBSON WAGON COMPANY et al., Respondents.

Kansas City Court of Appeals, November 7, 1904.

1. **CHATTEL MORTGAGES: Replevin: Receiver: Contract.** Plaintiff, a director in a corporation, to secure advances took a mortgage on its personal property. Thereafter a receiver was appointed, who with the knowledge of the plaintiff sold the property to the defendant with the alleged understanding that the latter take it subject to the mortgage. *Held*, plaintiff could not look to the proceeds in the receiver's hands for the payment of his debt and could maintain replevin to recover the property.

2. ———: ———: ———: ———: **Instructions.** Certain instructions approved and suggestions of amendment made.

3. **APPELLATE PRACTICE: Abstract: Supplying Defects.** A motion dismissing an appeal on the ground of defects in the abstract may be overruled, where by leave of the court, the appellants supply such defects.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

The instructions referred to in the petition are as follows:

"The court instructs the court sitting as a jury that if the note and deed of trust admitted in evidence was executed by the Williams Wagon Company and delivered to plaintiff Fields to secure the payment of a valid debt of thirty-five hundred dollars ($3,500) due from said company to said plaintiff, and that defendant Jobson purchased the property subject to said deed of trust with knowledge thereof, then the fact, if true, that said deed of trust was fraudulent as to the creditors of the Williams Wagon

Company because of the fact that plaintiff Fields was at the time of the execution of said note and deed of trust an officer and director of the said corporation, constitutes no defense to this action, and the finding of the jury on this action must be for the plaintiff.

. "The court instructs the court sitting as a jury that with reference to the several articles and prices of machinery specifically described in the deed of trust admitted in evidence, it is immaterial whether or not said articles were at the time of the execution of said deed of trust within the four walls of the shop building of said Wagon Company or not. If said property so mortgaged was the property of said Wagon Company and all or any part thereof was temporarily out of said shop for repair and was afterwards returned, and it was the intention of the parties to said deed of trust that said property be included in said deed of trust, and that it was so included in express terms, and that afterwards defendant Jobson purchased said property after having been informed that said property was subject to said deed of trust, then the fact, if true, that all or a part of said property so specifically described was temporarily out of said shop at the time of the execution of said deed of trust constitutes no defense in whole or in part to this action."

*A. H. Waller* for appellants.

(1)  No fraud in the procuring of Fields' mortgage was charged in the answer and none was disclosed by the evidence; on the contrary Fields furnished the Williams Wagon Company every dollar his note called for and the mortgage was given to secure an honest debt, as the undisputed evidence shows. Jones on Corporate Bonds and Mortgages (2 Ed.), sec. 22, p. 23; Swenzel v. Investment Co., 168 Mo. 272; Pitman v. Elmore, 93 Mo. App. 592; Duncomb v. Railroad, 84 N. Y. 190.  (2)  The description of the property in the mortgage is sufficient. Bank v. Goodloe Co., 93 Mo. App. 123; Johnson v. Hutchison, 81 Mo. App. 299; Bank v. Ragsdale, 158 Mo. 668.  (3)  No part of the mortgage debt had been nor has yet been paid.  (4) Defendants had full actual knowledge of Fields' mortgage and the debt it secured before purchasing the mortgaged property.  (5)  The court erred in refusing to give plaintiffs' declarations of law numbered 1, 2 and 3.  See authorities above cited.

*Dysart & Mitchell* for respondents.

(1)   The court did not err in refusing the instructions asked for by the appellants.   There was no evidence on which to base the said instructions.   And the court properly gave the instruction asked by the respondents by way of demurrer to the evidence in the whole case. (2) It can not be contended that Jobson purchased this property subject to the deed of trust, to pay the purchase price stipulated in the contract, and also to take care of the mortgage lien of Fields.   On the contrary, Jobson bought the property at its full market value, and Williams and Fields were to look to the proceeds of the sale for the $1,600 due from the Williams Wagon Company to the plaintiff Fields.   (3) Jobson, the purchaser of this property, stands in the light of a creditor of the Williams Wagon Company; and the note and mortgage given by the Williams Wagon Company to Fields was fraud in law as to the creditors of the Williams Wagon Company.   (4)   If Fields has lost his lien upon the said property, and even if he has lost the proceeds thereof, it was through the contrivance and management of himself, and he will not now be permitted to claim and recover the property in this action.   (5)   The case is the same as if the mortgaged property had been turned over and delivered to the mortgagee, and the mortgagee, Fields himself, had sold the property to Jobson, either for cash or on a credit; in either event the title would have vested in Jobson with a right of action in Fields for the purchase price.

BROADDUS, J.—This is an action of replevin for certain personal property.  The plaintiff claims the property by reason of a mortgage executed by a corporation known as the Williams Wagon Company to secure the payment of a note for $3,500, which represents the amount of the different advancements of money made to said company of which plaintiff was a

member and director. On November 28, 1893, after the execution of said note, in a proceeding then pending in the circuit court of Randolph county one J. M. Williams, a member and officer of said company, was appointed receiver of and took charge of the property of the corporation, including that in controversy, which constituted its personal property assets. In the proceedings for the appointment of said receiver, the plaintiff was one of the petitioners. The said Williams in closing up the affairs of said company sold said mortgaged property to the defendant, Jobson, who turned it over to the defendant company, afterwards formed. Williams, before said sale was effected, advised Jobson that plaintiff held a mortgage on the property, and it was understood between them that upon the payment by him of the sum of $1,613 to plaintiff he would enter satisfaction of his mortgage. It seems that Fields acceded to the agreement. He lived in Monroe county and went to defendant several times and demanded payment. The defendant Jobson, who was president of the defendant company, promised to pay said sum but finally declined to do so.

Under the facts the court directed the jury to return a verdict for defendants.

No question is raised as to the validity of the mortgage, but it is contended by the defendants that, when the receiver makes his report of sale plaintiffs will have the right to go before the court and claim enough of the proceeds of the sale to pay his mortgage. The trouble about this contention is that there was testimony to the effect that defendant bought the property subject to the mortgages; or, in other words, with the agreement between himself and the receiver that he would pay the mortgage debt and that plaintiff would then cancel the mortgage. If such was the fact, the plaintiff would have no claim upon the proceeds of the property in the hands of the receiver.

Had defendants bought the property without res-

ervation of the rights of the mortgagee, perhaps the plaintiff would have lost his lien under the mortgage, as he joined in the proceedings to have the property sold on the ground of estoppel. For he would not be allowed in law to procure a sale of the mortgaged property and then be permitted to set up his mortgage lien as against an innocent purchaser. But that question does not arise on the facts in proof. Plaintiffs' instruction number three should have been given, but the court committed no error in refusing his instruction number two. It should be modified so as not only to include defendants' knowledge of plaintiffs' mortgage, but also that they purchased the property of the receiver with the understanding that their purchase was subject to such mortgage.

Defendants have moved to dismiss plaintiffs' appeal because they have not filed a proper and sufficient abstract under the law and the rules of the court. But as plaintiffs have supplied the defects in their abstract by leave of court, the motion will be overruled.

For the reasons given the cause is reversed and remanded. All concur.